SHEARMAN & STERLING LLP
Fredric Sosnick
Stephen Blank
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000

SHEARMAN & STERLING (London) LLP
Solomon J. Noh
Kelly E. McDonald
9 Appold Street
London EC2A 2AP
United Kingdom
Telephone: +44 20 7655 5000

*Attorneys for the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| _____ : | | |
| **In re:** : | **Chapter 15** | |
| : | | |
| **GRUPO ISOLUX CORSÁN, S.A.,** : | **Case No. 16-[●]** | |
| : | | |
|     **Debtor in a Foreign Proceeding.** : | | |
| _____ : | | |
| : | | |
| **In re:** : | **Chapter 15** | |
| : | | |
| **CORSÁN-CORVIAM CONSTRUCCIÓN, S.A.,** : | **Case No. 16-[●]** | |
| : | | |
|     **Debtor in a Foreign Proceeding.** : | | |
| _____ : | | |
| : | | |
| **In re:** : | **Chapter 15** | |
| : | | |
| **GRUPO ISOLUX CORSÁN CONCESIONES, S.A.,** : | **Case No. 16-[●]** | |
| : | | |
|     **Debtor in a Foreign Proceeding.** : | | |
| _____ : | | |

| | : | |
|---|---|---|
| In re: | : | Chapter 15 |
| | : | |
| ISOLUX INGENIERÍA, S.A., | : | Case No. 16-[●] |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| ————————————————— | : | |
| | : | |
| In re: | : | Chapter 15 |
| | : | |
| GRUPO ISOLUX CORSÁN FINANCE B.V. | : | Case No. 16-[●] |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| ————————————————— | : | |

### FOREIGN REPRESENTATIVE'S MOTION FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 15 CASES

By and through her undersigned counsel, Karla Pascarella, or any lawful successor(s) thereto, both in her capacity as (i) the authorized foreign representative (the "**Spanish Foreign Representative**") for Grupo Isolux Corsán, S.A. ("**GIC**"), Corsán-Corviam Construcción, S.A., Grupo Isolux Corsán Concesiones, S.A., and Isolux Ingeniería, S.A (collectively, the "**Spanish Debtors**") in the proceedings (the "**Spanish Foreign Proceedings**") commenced pursuant to Additional Provision Four of the Spanish Act 22/2003, of July 9, on Insolvency (the "**Spanish Insolvency Law**"), pending in the Mercantile Court of Madrid, Spain (the "**Spanish Court**"), and (ii) the authorized foreign representative (the "**Dutch Foreign Representative**" and, together with the Spanish Foreign Representative, the "**Foreign Representative**") for Grupo Isolux Corsán Finance B.V. (the "**Dutch Debtor**" and, together with the Spanish Debtors, the "**Debtors**") in the suspension of payments proceeding (the "**Dutch Foreign Proceeding**" and together with the Spanish Foreign Proceeding, the "**Foreign Proceedings**") commenced pursuant to, *inter alia*, Article 214 of the *Faillissementswet* (the

"**Dutch Insolvency Act**" and, together with the Spanish Insolvency Law, the "**Foreign Insolvency Laws**"), pending in the District Court of Amsterdam (the "**Dutch Court**" and, together with the Spanish Court, the "**Foreign Courts**"), respectfully submits this motion (the "**Motion**") (a) authorizing and directing the joint administration of the Debtors' related chapter 15 cases for procedural purposes only, and (b) granting certain related relief.  In further support of the relief requested herein, the Foreign Representative respectfully sets forth as follows:

<u>**Jurisdiction and Venue**</u>

1.      The Court has jurisdiction to consider this Motion pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated as of January 31, 2012.  This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code.  Venue is proper in this district pursuant to section 1410 of title 28 of the United States Code.  The statutory predicate for the relief requested herein is Bankruptcy Rule 1015(b).

<u>**Background**</u>

3.      GIC is the direct or indirect parent company of each of the other Debtors and all of their non-Debtor affiliates (together, the "**Isolux Group**").  The Isolux Group is a leading international engineering, construction and concession group that provides a comprehensive range of engineering, procurement and construction services, and carries out infrastructure concession operations globally.  The Isolux Group, which has approximately 6,000 employees worldwide, delivers projects to both public and private sector clients in over 40 countries on four continents.

3

4.      On the date hereof (the "**Petition Date**"), the Foreign Representative commenced these chapter 15 cases by filing, among other things, the verified petitions for recognition, seeking recognition of the Foreign Proceedings as foreign main proceedings under chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**").  Detailed information about the Debtors' business and operations, the events leading to the Petition Date, and the facts and circumstances surrounding the Foreign Proceedings and these chapter 15 cases is set forth in the *Declaration of Spanish Foreign Representative in Support of (I) Verified Chapter 15 Petitions, (II) Foreign Representative's Motion for Orders Granting Provisional and Final Relief in Aid of Foreign Proceedings, and (III) Certain Related Relief* (the "**Spanish Foreign Representative Declaration**") and *Declaration of Dutch Foreign Representative in Support of (I) Verified Chapter 15 Petitions, (II) Foreign Representative's Motion for Orders Granting Provisional and Final Relief in Aid of Foreign Proceedings, and (III) Certain Related Relief* (the "**Dutch Foreign Representative Declaration**" and, together with the Spanish Foreign Representative Declaration, the "**Foreign Representative Declarations**").

## Relief Requested

5.      By this Motion, the Foreign Representative respectfully requests that the Court enter an order pursuant to Bankruptcy Rule 1015(b) directing the joint administration of these chapter 15 cases for procedural purposes only.[1]   In furtherance, thereof, the Foreign Representative requests that the proposed consolidated caption for all notices, applications, motions, and other pleadings (the "**Proposed Caption**") be used in all of the Debtors' chapter 15 cases, which the Foreign Representative asks that the Court find satisfies the requirements of section 342(c)(1) of the Bankruptcy Code, as follows:

---

[1]      Nothing contained in this Motion should be construed as a request for substantive consolidation of these chapter 15 cases.

4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- X

In re:                                     :        **Chapter 15**
                                           :
**GRUPO ISOLUX CORSÁN, S.A.**, *et al.*,[1] :        **Case No. 16-[●] (__)**
                                           :
    **Debtors in a Foreign Proceeding.**    :        **(Jointly Administered)**
                                           :

------------------------------------------------------------- X

---

1    The last four digits of the Spanish Tax Number for each Spanish Debtor follow in parentheses:  (a) Grupo Isolux Corsán, S.A. (3947); (b) Corsán-Corviam Construcción, S.A. (2709); (c) Grupo Isolux Corsán Concesiones, S.A. (0357); and (d) Isolux Ingeniería, S.A. (3539).  The Spanish Debtors' collective executive headquarters is located at Caballero Andante 8, 28021 Madrid, Spain.  Grupo Isolux Corsán Finance B.V. has its headquarters at Strawinskylaan 411, 1077XX, Amsterdam, the Netherlands, and the last four digits of its Trade Registry Number are 5959.

6.    In addition, the Foreign Representative requests that the Court authorize and direct that the following notation be entered on the docket for each of the Debtor's chapter 15 cases, except in the case of lead-Debtor GIC, to evidence the joint administration of these chapter 15 cases:

> An order has been entered in this case directing the joint administration, for procedural purposes only, of the chapter 15 cases listed below.  The docket of Grupo Isolux Corsán, S.A., in Case No. (16-[●]) should be consulted for all matters affecting this case.  The following chapter 15 cases are jointly administered pursuant to the joint administration order:
>
> Grupo Isolux Corsán, S.A., Case No. (16-[●]); Corsán-Corviam Construcción, S.A., Case No. (16-[●]); Grupo Isolux Corsán Concesiones, S.A., Case No. (16-[●]); Isolux Ingeniería, S.A., Case No. (16-[●]); Grupo Isolux Corsán Finance B.V. Case No. (16-[●]).

7.    The Foreign Representative also requests that the Court authorize them to use a combined service list for the jointly administered cases and that combined notices be sent to the Debtors' creditors and other parties in interest, as applicable.

5

## Basis for Relief

8.      An order of joint administration concerns the routine administration of multiple cases and may be entered by the Court on an *ex parte* basis.  Bankruptcy Rule 1015(b) provides, in relevant part, "if a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).  The Debtors, consisting of a parent corporation and its wholly owned subsidiaries, are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Court is authorized to grant the relief requested herein.

9.      The Foreign Representative Declarations establishes that joint administration of these chapter 15 cases (a) is warranted because the Debtors' financial affairs and business operations are closely related and (b) will ease the administrative burden of these chapter 15 cases on the Court and interested parties.  Courts in this jurisdiction and others have approved relief similar to that requested herein in other chapter 15 cases and such relief is common in these matters.  *See, e.g.*, *In re Lupatech S.A.*, Case No. 16-11078 (MG) (Bankr. S.D.N.Y. April 29, 2016); *In re Abengoa, S.A., et al.*, No. 16-10754 (KJC) (Bankr. D. Del. March 31, 2016); *In re OIC Run-off Ltd. & the London & Overseas Ins. Co. Ltd.*, No. 15-13054 (SCC) (Bankr. S.D.N.Y. Nov. 19, 2015); *In re OAS S.A.*, No. 15-10937 (SMB) (Bankr. S.D.N.Y. April 16, 2015); *In re Lupatech S.A., et al.*, No. 14-11559 (SMB) (Bankr. S.D.N.Y. May 28, 2014); *In re The John Forsyth Shirt Co., Ltd., et al.*, No. 13-10526 (SCC) (Bankr. S.D.N.Y. Feb. 27, 2013); *In re Fairfield Sentry Ltd., et al.*, No. 10-13164 (SMB) (Bankr. S.D.N.Y. June 17, 2010).

10.     The Foreign Representative anticipates that most of the various notices, motions, hearings, orders, and other pleadings in these chapter 15 cases will affect all of the

Debtors.  If not jointly administered, with five affiliated Debtors, each with its own case docket, these chapter 15 cases would result in numerous duplicative pleadings filed for each issue and served upon separate service lists.  Such duplication of substantially identical documents would be wasteful and would unnecessarily burden the Clerk of the Court (the "**Clerk**").

11.    Joint administration will permit the Clerk to use a single docket for all of the Debtors' cases and to combine notices to creditors and other parties in interest.  Joint administration also will protect parties in interest in these chapter 15 cases by ensuring that they will be apprised of the various matters before the Court in these chapter 15 cases.  The Foreign Representative further requests that the Proposed Caption set forth above be approved as the modified caption for these chapter 15 cases.

12.    The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these chapter 15 cases.  The relief sought herein is purely procedural and not intended to affect substantive rights.  Each creditor and party in interest will maintain whatever rights it has against the particular Debtor against which it allegedly has a claim or right.

13.    Creditors will benefit from the reduction in costs resulting from joint administration.  The Court and the Clerk also will be relieved of the burden of entering duplicative orders and keeping duplicative files, and supervision of the administrative aspects of these chapter 15 cases by the Office of the United States Trustee for the Southern District of New York will be simplified.

14.    Pursuant to section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last four digits of the taxpayer identification number of the debtor."  The Proposed Caption

7

contains all of the required information, to the extent applicable, and therefore satisfies section 342(c) of the Bankruptcy Code.

## Notice

15.     Notice of this Motion has been provided to: (a) all parties to litigation pending in the United States to which any Debtor was a party at the time of the filing of the verified chapter 15 Petitions (if any); (b) counsel to Citibank, N.A., London Branch in its capacity as Indenture Trustee (the "**Indenture Trustee**") under that certain Indenture relating to the issuance of the 6.625% senior notes due 2021 (the "**Unsecured Notes**"); (c) counsel to the ad hoc committee of holders of Unsecured Notes; (d) Jones Day, Paseo de Recoletos 37-41, Planta 5, 28004 Madrid, Spain, counsel to the Steering Committee of bank lenders; (e) the Securities and Exchange Commission; (f) the Internal Revenue Service; and (g) the Office of the United States Trustee  (the "**U.S. Trustee**") for the Southern District of New York; (h) all parties that have filed a notice of appearance in these chapter 15 cases; and (i) other parties that the Court may have directed. The Spanish Foreign Representative requests that the Court grant this Motion without further notice to creditors.  In light of the nature of the relief requested herein, the Spanish Foreign Representative submits that no other or further notice of this Motion is necessary or required.

## **No Prior Request**

16.     No prior request for the relief sought in this Motion has been made to this or any other court.

## Conclusion

WHEREFORE, the Foreign Representative respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: New York, New York
      July 29, 2016

Respectfully submitted,

*/s/ Fredric Sosnick*
_____

SHEARMAN & STERLING LLP
Fredric Sosnick
Stephen M. Blank
599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 848-4000
Facsimile:  (646) 848-7174

SHEARMAN & STERLING (LONDON) LLP
Solomon J. Noh
Kelly E. McDonald
9 Appold Street
London EC2A 2AP
United Kingdom
Telephone: +44 20 7655 5000

*Attorneys for the Foreign Representative*

NYDOCS03/1045096.1

**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | **Chapter 15** |
| | : | |
| **GRUPO ISOLUX CORSÁN, S.A.,** | : | **Case No. 16-[●]** |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |
| In re: | : | **Chapter 15** |
| | : | |
| | : | **Case No. 16-[●]** |
| **CORSÁN-CORVIAM CONSTRUCCIÓN, S.A.,** | : | |
| | | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |
| In re: | : | **Chapter 15** |
| | : | |
| **GRUPO ISOLUX CORSÁN CONCESIONES, S.A.,** | : | **Case No. 16-[●]** |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |
| In re: | : | **Chapter 15** |
| | : | |
| **ISOLUX INGENIERÍA, S.A.,** | : | **Case No. 16-[●]** |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |
| In re: | : | **Chapter 15** |
| | : | |
| **GRUPO ISOLUX CORSÁN FINANCE B.V.** | : | **Case No. 16-[●]** |
| | : | |
| Debtor in a Foreign Proceeding. | : | |

## ORDER DIRECTING JOINT ADMINISTRATION OF
## THE DEBTORS' CHAPTER 15 CASES

Upon consideration of the motion (the "**Motion**")[1] of Karla Pascarella, or any lawful successor(s) thereto, both in her capacity as (i) the authorized foreign representative (the "**Spanish Foreign Representative**") for Grupo Isolux Corsán, S.A. ("**GIC**"), Corsán-Corviam Construcción, S.A., Grupo Isolux Corsán Concesiones, S.A., and Isolux Ingeniería, S.A (collectively, the "**Spanish Debtors**") in the proceedings (the "**Spanish Foreign Proceedings**") commenced pursuant to Additional Provision Four of the Spanish Act 22/2003, of July 9, on Insolvency (the "**Spanish Insolvency Law**"), pending in the Mercantile Court of Madrid, Spain (the "**Spanish Court**"), and (ii) the authorized foreign representative (the "**Dutch Foreign Representative**" and, together with the Spanish Foreign Representative, the "**Foreign Representative**") for Grupo Isolux Corsán Finance B.V. (the "**Dutch Debtor**" and, together with the Spanish Debtors, the "**Debtors**") in the suspension of payments proceeding (the "**Dutch Foreign Proceeding**" and together with the Spanish Foreign Proceeding, the "**Foreign Proceedings**") commenced pursuant to, *inter alia*, Article 214 of the *Faillissementswet* (the "**Dutch Insolvency Act**" and, together with the Spanish Insolvency Law, the "**Foreign Insolvency Laws**"), pending in the District Court of Amsterdam (the "**Dutch Court**" and, together with the Spanish Court, the "**Foreign Courts**"), for the entry of an order (the "**Order**") pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, authorizing and directing the joint administration of the Debtors' chapter 15 cases for procedural purposes only; and upon consideration of the Foreign Representative Declarations; and it appearing that this Court has jurisdiction to consider the Motion pursuant to sections 157 and 1334 of title 28 of the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

United States Code, and the Amended Standing Order of Reference from the United States

District Court for the Southern District of New York dated as of January 31, 2012; and no notice

of the Motion being required under the circumstances; and it appearing that the relief requested

by the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties

in interest, and will further the objectives of chapter 15 of the Bankruptcy Code; and after due

deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion is granted.

2.    These chapter 15 cases are consolidated for procedural purposes only and

shall be jointly administered by this Court.

3.    The Clerk of this Court shall maintain one file and one docket for these

jointly administered cases, which file and docket for all of these chapter 15 cases shall be the file

and docket for Grupo Isolux Corsán, S.A., Case No. (16-[●]).

4.    All pleadings and other papers filed in these chapter 15 cases shall bear

the consolidated caption in the following form:


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- X
**In re:**                                            :          **Chapter 15**
                                                      :
**GRUPO ISOLUX CORSÁN, S.A.**, *et al.*,              :          **Case No. 16-[●] (___)**
                                                      :
        **Debtors in a Foreign Proceeding.**          :          **(Jointly Administered)**
                                                      :
------------------------------------------------------------- X

---

1    The last four digits of the Spanish Tax Number for each Spanish Debtor follow in parentheses:  (a) Grupo
     Isolux Corsán, S.A. (3947); (b) Corsán-Corviam Construcción, S.A. (2709); (c) Grupo Isolux Corsán
     Concesiones, S.A. (0357); and (d) Isolux Ingeniería, S.A. (3539).  The Spanish Debtors' collective
     executive headquarters is located at Caballero Andante 8, 28021 Madrid, Spain.  Grupo Isolux Corsán

Finance B.V. has its headquarters at Strawinskylaan 411, 1077XX, Amsterdam, the Netherlands, and the last four digits of its Trade Registry Number are 5959.

5.     The consolidated caption satisfies the requirements of Bankruptcy Code Section 342(c) in all respects.

6.     A docket entry shall be made on the docket for each of the Spanish Debtors' cases, except in the case of GIC, as follows:

> An order has been entered in this case directing the joint administration, for procedural purposes only, of the chapter 15 cases listed below.  The docket of Grupo Isolux Corsán, S.A., in Case No. (16-[●]) should be consulted for all matters affecting this case.  The following chapter 15 cases are jointly administered pursuant to the joint administration order:
>
> Grupo Isolux Corsán, S.A., Case No. (16-[●]); Corsán-Corviam Construcción, S.A., Case No. (16-[●]); Grupo Isolux Corsán Concesiones, S.A., Case No. (16-[●]); Isolux Ingeniería, S.A., Case No. (16-[●]); Grupo Isolux Corsán Finance B.V. Case No. (16-[●]).

7.     Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effectuating a substantive consolidation of the Debtors in any of these chapter 15 cases.

8.     The Foreign Representative (or any lawful successor(s) thereto) is authorized to (a) utilize a combined service list for the Debtors' jointly administered cases and (b) send combined notices to creditors of the Debtors' estates and other parties in interest as applicable.

9.     The Foreign Representative (or any lawful successor(s) thereto) is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

NYDOCS03/1045096.1

10.     This Court shall retain jurisdiction with respect to any and all matters

relating to the interpretation or implementation of this Order.


Dated:  New York, New York
_____, 2016

_____
UNITED STATES BANKRUPTCY JUDGE

NYDOCS03/1045096.1